UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ADAN JAMES CORONA,<br><br>　　　　　　Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 5:25-CV-05058-CBK<br><br>ORDER ON MOTION TO VACATE,<br>SET ASIDE, OR CORRECT SENTENCE |

　　Petitioner was convicted of first-degree murder, first degree felony murder, conspiracy to commit assault, use of a firearm during a crime of violence, and felon in possession of ammunition, 5:17-cr-50049-JLV.  He was sentenced on February 18, 2022, to life imprisonment on the two murder counts, 60 months custody on the conspiracy to commit assault count, 120 months on the felon in possession of ammunition count, all the foregoing sentences to run concurrently, and 120 months on the use of a firearm count, consecutive to all counts.  He appealed his convictions and sentences to the United States Court of Appeals for the Eighth Circuit and the Eighth Circuit affirmed United States v. Villanueva, et al., 116 F.4th 813 (8th Cir. 2024).

　　Petitioner has filed a motion to vacate, set aside, or correct his convictions and sentences pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel.  I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**DECISION**

　　To support a claim of ineffective assistance of counsel, a two-prong test must be met.  "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59,

106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

**I. Failure to Move to Strike Multiple Murder Counts.**

Petitioner contends that counsel was ineffective in failing to file a motion to strike one of the two murder counts. He contends that Counts I and II are multiplicitous in violation of the Double Jeopardy Clause.

Defendant was charged with and convicted of committing first-degree murder and first-degree felony murder, both in violation of 18 U.S.C. § 1111(a), which provides:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

Petitioner was charged in Count I of having killed Vincent Von Brewer III with malice aforethought by shooting him. Petitioner was charged in Count II with having killed Vincent Von Brewer III with malice aforethought in the perpetration of or attempted perpetration of kidnapping.

"The Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for the same offense." United States v. Hollow Horn Bear, 144 F.4th 1105, 1109 (8th Cir. 2025). "An indictment violates this prohibition if the two offenses charged are in law and fact the same offense. A defendant must raise a claim of multiplicity in a timely pretrial motion. If it is not raised before trial, the claim is waived absent a showing of good cause." Id. (internal citations and quotations omitted).

"Where a defendant is charged with multiple violations of the same statute, the relevant inquiry is whether Congress intended the underlying acts to constitute distinct units of prosecution." United States v. Hollow Horn Bear, 144 F.4th at 1110. "A unit of prosecution is 'the aspect of criminal activity that Congress intended to punish.'" United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010) (quoting United States v. Chipps, 410 F.3d 438, 448 (8th Cir.2005)). The United States Court of Appeals for the Tenth Circuit has held that, under 18 U.S.C. § 1111. "a single murder equals a single unit of prosecution." United States v. Cooper, No. 23-7045, 2024 WL 3665952, at *4 (10th Cir. Aug. 6, 2024). "[Defendant] killed one person. Abhorrent as that is, it still means he is only liable for one murder." Id. Thus, "felony murder . . . and premeditated murder convictions, and their corresponding punishments, pose a collective multiplicity problem amounting to plain error." Id.

Upon initial review, it does not plainly appear petitioner is not entitled to relief on this claim.

## II. Failure to Move to Sever.

Petitioner contends that counsel was ineffective in failing to move to sever trial of his case from his co-defendant's case. Two other defendants were charged in one or more of the five indictments and superseding indictments in this case. Codefendant Myles Jacob Tuttle filed a motion to sever his case from the other three defendants. He subsequently pleaded guilty to a count in a second superseding indictment charging accessory after the fact to first degree murder, thus mooting any severance challenge. Codefendant Estavan Baquera also filed a motion to sever his case from the other four defendants. Then Chief District Court Judge Jeffrey L. Viken, in a lengthy well-reasoned

3

opinion, determined that the defendants were properly joined under Fed. R. Crim. P. 8 and that severance is not required under Fed. R. Crim. P. 14.

Following Baquera's guilty plea to a superseding information charging accessory after the fact to first degree murder, a fourth superseding indictment naming only defendants Villanueva and Corona was filed. Following conviction of the two remaining defendants, the case was considered by the United States Court of Appeals for the Eighth Circuit. In the panel's decision, the facts of this case were described as a gang-related killing over an alleged drug debt by two carloads of armed assailants. United States v. Villanueva, et al., 116 F.4th 813, 816 (8th Cir. 2024). The evidence at trial, which counsel for defendants would have been aware of through discovery, as described by Judge Viken at sentencing, showed that the armed defendants found the victim at a Boys and Girls Club during a basketball tournament in front of a large crowd of people, including the victim's own young son. The victim tried to get under a vehicle. He was dragged out, beaten, and thrown into a vehicle. He escaped out of the vehicle and tried to run for safety. The victim was shot with 17 rounds at his back, torso, and head.

There is no question, considering the record in this case and the law as to severance under Rule 14, that a motion for a severance, if filed by petitioner's trial counsel, would have been denied. Counsel was not ineffective for failing to file a motion to sever. In any event, there is no prejudice to petitioner resulting from his counsel's failure to file a motion for a severance since such motion would have surely been denied.

**III. Failure to Challenge Conspiracy Count.**

Petitioner contends that counsel should have challenged Count III, conspiracy to commit assault with a dangerous weapon, as it was the predicate crime of violence for Count IV, use of a firearm during a crime of violence. Count VI charged, and the jury was instructed, that the predicate crime of violence was "first degree premeditated murder as charged in Count I, first degree felony murder as charged in Count II or conspiracy to commit assault as charged in Count III. The jury ultimately convicted petitioner of both murder counts. He can show no prejudice arising out of failure to attack the inclusion of Count III as a predicate offense.

4

### IV. Failure to Challenge Conviction and Sentence on Lesser Included Count.

Petitioner contends that counsel was ineffective in failing to challenge the imposition of separate sentences for Count IV, use of a firearm during a crime of violence and Count V, possession of ammunition by a prohibited person. Petitioner was not charged in Count V. His possession of ammunition by a prohibited person was charged in Count VI.

The Supreme Court has recognized that the "Fifth Amendment forbids . . . cumulative punishment for greater and lesser included offenses." Brown v. Ohio, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977). See also Rutledge v. United States, 517 U.S. 292, 301-302, 116 S. Ct. 1241, 1247-48, 134 L. Ed. 2d 419 (1996).

Courts apply the familiar Blockburger elements test to determine whether one crime is a lesser included offense of another crime. Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). "A lesser included offense is a crime that is composed of some, but not all, of the elements of a more serious crime and that is necessarily committed in carrying out the greater crime." United States v. Sandstrom, 594 F.3d 634, 654 (8th Cir. 2010) (internal quotations omitted).

> While the government is not prohibited from charging a defendant with both a greater and lesser offense, the jury must be instructed that they cannot convict him for both offenses based on the same facts. The jury must be tasked with separating the evidence in considering the counts separately, and instructed that they may not convict the defendant of both counts based on overlapping evidence.

United States v. Morrissey, 895 F.3d 541, 548 (8th Cir. 2018) (cleaned up).

The jury in petitioner's case was instructed, in relevant part, that, as to Count IV, they must find:

> One . . . Mr. Corona committed the offense of first-degree premeditated murder as charged in Count I, first degree felony murder as charged in Count II or conspiracy to commit assault as charged in Count II, and
>
> Two . . . Mr. Corona knowingly discharged a firearm during and in relation to [the offenses listed above].

As to Count VI, the jury was instructed, in relevant part, that they must find:

One . . . Mr. Corona had been convicted of a crime punishable by imprisonment for a term exceeding one year,

Two . . . Mr. Corona knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year,

Three . . . Mr. Corona knowingly possessed ammunition, and

Four . . . the ammunition had been shipped or transported in interstate or foreign commerce.

Under <u>Blockberger</u>, these counts are clearly not greater and lesser included counts. Counsel was not ineffective in not challenging the counts under that theory.

## ORDER

Based upon the foregoing,

**IT IS ORDERED:**

1. Petitioner's ineffective assistance of counsel claims set forth in grounds 2, 3, and 4 are summarily dismissed.

2. The Clerk of Court will deliver or serve a copy of the motion on the United States Attorney for the District of South Dakota.

3. The United States Attorney for the District of South Dakota shall serve and file an answer or responsive pleading to ground 1 of the motion to vacate, together with a legal brief or memorandum in support thereof, on or before October 31, 2025.

DATED this 19th day September, 2025.

BY THE COURT:

*/s/ Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge