UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ADAN JAMES CORONA,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | 5:25-CV-05058-CBK<br><br><br>ORDER GRANTING<br>MOTION TO VACATE, SET ASIDE, OR<br>CORRECT SENTENCE |

Petitioner was convicted of first-degree murder, first degree felony murder, conspiracy to commit assault, use of a firearm during a crime of violence, and felon in possession of ammunition, 5:17-cr-50049-JLV. He was sentenced on February 18, 2022, to life imprisonment on the two murder counts, 60 months custody on the conspiracy to commit assault count, 120 months on the felon in possession of ammunition count, all the foregoing sentences to run concurrently, and 120 months on the use of a firearm count, consecutive to all counts. He appealed his convictions and sentences to the United States Court of Appeals for the Eighth Circuit and the Eighth Circuit affirmed United States v. Villanueva, et al., 116 F.4th 813 (8th Cir. 2024).

Petitioner filed a motion to vacate, set aside, or correct his convictions and sentences pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel. Three of his claims were dismissed upon initial review. The Court ordered the government to respond to petitioner's claim that counsel was ineffective in failing to file a motion to strike one of the two murder counts. Corona v. United States, No. 5:25-CV-05058-CBK, 2025 WL 2696863 (D.S.D. Sept. 22, 2025). Petitioner contends that Counts I and II were multiplicitous in violation of the Double Jeopardy Clause. The government concedes that Count I, alleging premeditated first-degree murder, and Count II, alleging first-degree felony murder, were alternative manners of committing the same murder and therefore petitioner is entitled to relief.

Where counts are multiplicitous, they need not be dismissed before trial. United States v. Haynes, 62 F.4th 454, 460 (8th Cir. 2023) (crimes of felon in possession of a firearm and ammunition). No error occurs until the evidence establishes that the defendant is guilty of a single crime. Id. The Eighth Circuit describes the failure to merge two multiplicitous counts for sentencing as plain error. Id. "Because the district court imposed concurrent sentences, the appropriate remedy is to remand with directions to vacate one of the multiplicitous convictions." United States v. Kuhnel, 25 F.4th 559, 566 (8th Cir. 2022) (crimes of possession of child pornography and digitally "morphed" child pornography for the same depiction). "The appropriate remedy is to remand with directions to vacate one of the multiplicitous convictions." United States v. Haynes, 62 F.4th at 461 (*quoting* United Sates v. Kuhnel, *supra*). "We do not require full resentencing or a new trial." United States v. Haynes, 62 F.4th at 461.

Now, therefore,

IT IS ORDERED:

1. The motion to vacate, set aside, or correct sentence as to petitioner's Double Jeopardy claim is granted.

2. Count II of the fourth superseding indictment, charging felony murder, is dismissed. The life sentence and $100 special assessment are vacated. An amended judgment shall issue.

DATED this ___8th___ day December, 2025.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge